**Rogelio RAMIREZ, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 05–60696.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 26, 2006.

Richard Prinz, Law Office of Richard Prinz, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice Office of Immigration Litigation, Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, Dara Beth Less, U.S. Attorney's Office Southern District of Texas, Hipolito Acosta, U.S. Immigration & Naturalization Service, Houston, TX, for Respondent.

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM: *

Rogelio Ramirez petitions for review of an order by the Board of Immigration Appeals (BIA). Ramirez contends that the BIA erred when it found him removable based on his Texas conviction for unauthorized use of a motor vehicle (UUMV). Ramirez also asserts that the BIA erred when it denied his request for a waiver of removal under former Immigration and Nationality Act § 212(c), former 8 U.S.C. § 1182(c).

This court must consider, sua sponte if necessary, whether appellate jurisdiction exists. *See Chunn v. Chunn (In re Chunn),* 106 F.3d 1239, 1241 (5th Cir. 1997). Ramirez admits "[t]his court previously held that it did not have jurisdiction to review [his] removal order, presumably finding UUMV is an aggravated felony—crime of violence." However, he asks this court to determine whether his Texas conviction for UUMV is a crime of violence in light of *Leocal v. Ashcroft,* 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004).

This court's pre-*Leocal* jurisprudence was consistent with *Leocal's* holding related to 18 U.S.C. § 16(b). *See, e.g., United States v. Chapa–Garza,* 243 F.3d 921, 927 (5th Cir.2001). Therefore, Ramirez's petition fails to "present[ ] grounds that could not have been presented in the prior judicial proceeding." 8 U.S.C. § 1252(d)(2). Accordingly, this court would have jurisdiction over this petition only if "the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order." *Id.* Ramirez fails to make such a showing.

For these reasons, Ramirez's petition for review is DISMISSED FOR LACK OF JURISDICTION.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.